GEORGE BRAUN *vs.* M. IANNOTTI.

JANUARY 18, 1937.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker, and Condon, JJ.

CAPOTOSTO, J. This is an action of trespass on the case for damage caused by smoke and soot. The case was tried before a justice of the Superior Court sitting with a jury and a verdict for $425 was returned in favor of the plaintiff. The defendant's motion for a new trial was denied. The case is before us on his exception to the denial of this motion and on certain other exceptions, to rulings of the court during the trial.

The plaintiff owned a three-story building, which he used as a rooming house on Slocum street in the City of Providence. The defendant had a number of greenhouses

on an adjoining lot, which were heated by means of a coal-burning furnace in a one-story building close to the plaintiff's premises. The smokestack on this building was between six and eight feet high.

The testimony for the plaintiff is that while he was painting his house in April, 1930, smoke and soot from the defendant's smokestack ruined the paint; that he complained about this condition to the defendant at different times, but that nothing was done to remedy the situation until 1932, when he increased the height of the smokestack; and that because of the continuing annoyance from the smoke and soot a number of the plaintiff's roomers left him during this period.

The defendant produced testimony which tended to prove that the damage to the paint or the loss of tenants, if any, was due to causes other than smoke and soot from his premises. This raised a clear issue of fact which the jury determined in favor of the plaintiff. In view of the conflicting testimony, we cannot say that the trial court was clearly wrong in denying the defendant's motion for a new trial.

The principal ground of complaint presented by the defendant's remaining exceptions is that the court erred in admitting evidence as to the depreciation of the plaintiff's property by reason of the alleged nuisance and also as to the cost of repainting the house because of the damage caused by the smoke and soot. The testimony fixes the injury to the premises at $500, if the paint were not restored, and, in the alternative, it establishes that no such injury would result to the realty if $375 were expended in restoring the damaged paint.

The general rule, as stated in Sedgwick on Damages, Vol. 3, (9th ed.), § 947, is that "if a nuisance results in a permanent injury to the realty, the measure of damages is the diminution in the market value of the land, unless it is possible to repair the injury at an expense less than such diminution." This case comes fairly within the exception

there stated. The jury's verdict of $425 is supported by evidence of the cost of repair and loss of rental. The defendant was not prejudiced by any ruling in respect to the measure of damages, even though evidence of the diminution in the market value of the plaintiff's premises was not strictly pertinent under the facts in issue.

All the defendant's exceptions are overruled, and the case is remitted to the Superior Court for the entry of judgment on the verdict.

*Harlow & Boudreau,* for plaintiff.

*Benjamin Cianciarulo, Aram A. Arabian,* for defendant.